UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | |
|---|---|
| **ELIZABETH SCHUBBE,** on behalf of herself and all others similarly situated, | ) ) ) |
| v. | ) ) ) |
| **IMPERIAL MARBLE CORP.** | ) ) ) |
| Defendant. | ) ) |

**Case Number:**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elizabeth Schubbe ("Plaintiff") files this Class Action Complaint against Defendant, Imperial Marble Corp ("Imperial" or "Defendant"), and states as follows:

## NATURE OF ACTION

1. This is a class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et. seq.* ("WARN Act").

2. The Defendant is liable under the WARN Act for the timing and lack of specificity of the notice provided to Plaintiff and the other similarly situated former employees of their employment loss as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

4. Venue is proper in the Northern District of Illinois, because the events giving rise to this action occurred in Hinckley, IL, DeKalb County, which lies within the Northern District.

5.     This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23.

## PARTIES

6.     Plaintiff PATRICIA FAIR is a resident of Illinois and was employed by Defendant until her loss employement without cause on February 13, 2018.

7.     Defendant is an Illinois company registered with the Illinois Secretary of State to conduct business in Illinois, and its principal office is located at 9867 Somonauk Road, Hinckley, Illinois 60520.

8.     The site of employment that is the subject of this lawsuit is located in Hinckley, Illinois, DeKalb County.

9.     According to its website, Defendant is "the leading manufacturer of cultured marble and molded solid surface vanity tops, home, and bath products," and "serve[s] the top kitchen and bath dealers, remodelers supply as well as the Hospitality, Hospital, Apartment & Condo, Military and School markets."

10.    Upon information and belief, Defendant employed more than 100 persons.

11.    Plaintiff has satisfied all conditions precedent, or they have been waived.

12.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13.    Plaintiff requests a jury trial for all issues so triable.

14.    At all times material to this Complaint, Plaintiff was an "employees" of Defendant.

15.    At all times material to this Complaint, Defendant was an employer subject to the requirements of the WARN Act.

## STATEMENT OF FACTS

16.     Plaintiff and other similarly situated employees suffered employment loss as part of mass layoff as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act from Defendant.

17.     The notice Plaintiff and other similarly situated employees received notifying them of the employment loss did not comply with the notice requirements of the WARN Act. Specifically, the notice did not contain:

    a)     The name and address of the employment site where the employment loss would occur, and the name and telephone number of a company official to contact for further information;

    b)     A statement as to whether the employment loss was expected to be permanent or temporary; and

    c)     The job titles of positions to be effected and the names of the workers currently holding the effected jobs.

18.     On February 13, 2018, Plaintiff and all other similarly situated employees who reported to Defendant's site of employment were notified that their "last day of employment will be 2/13/2018."

19.     On February 14, 2018, similarly situated employees to Plaintiff who reported to Defendant's site of employment were notified that their "last day of employment will be 2/14/2018."

20.     In total, at least seventy-nine (79) employees suffered employment loss at the site of employment on February 13, 2018 to February 14, 2018.

21. The seventy-nine (79) employees who suffered employment loss comprised at least thirty-three percent (33%) of the employees at the site of employment.

22. Pursuant to the WARN Act, Plaintiff maintains this action on behalf of herself and on behalf of each of the other similarly situated former employees.

23. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

24. Defendant was required by the WARN Act to give Plaintiff and other similarly situated former employees or the representatives at least 60 days' advance written notice of their respective termination.

25. Defendant was required by the WARN Act to provide a specific notice of termination that included certain minimum disclosures.

26. Defendant failed to pay Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday and vacation pay which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

27. Plaintiff worked for Defendant during the statutory period.

## RULE 23 CLASS ACTION ALLEGATIONS

28. Plaintiff asserts a Rule 23 class claim on behalf of the putative Class defined as follows:

> **All persons who worked at or reported to the Defendant's Hinckley, Illinois facility ("Facility") and who suffered employment loss without cause by insufficient notice by the Defendant as part of the mass layoff on February 13, 2018 and February 14, 2018 (the "Class")**

29. The number of persons in the putative Rule 23 Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the putative Rule 23 Classes herein include over 79 persons, which comprises more than thirty-three percent (33%) of Defendant's employees at the Facility.

30. Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

31. There is a well-defined community of interest presented by the putative Rule 23 Class herein in that, among other things, each member of the putative Rule 23 Class has an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendant's actions.

32. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

33. The prosecution of separate actions by individual members of the putative Rule 23 Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Class which may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the putative Rule 23 Class herein which would, as a practical matter, be dispositive of the interests of other members of the putative Rule 23 Class not parties to the particular individual adjudications, and/or may substantially impede or impair the ability of those other members to protect their interests.

34. Common questions of law and fact exist in this case with respect to the putative Rule 23 Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

35. At some time during the class period, all of the individuals in the putative Rule 23 Class herein have been employed by Defendant and suffered an employment loss and denied wages under the WARN Act due to Defendant's actions.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy- particularly in the context of WARN Act litigation, where the individual Plaintiff and Class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

37. There are questions of law and fact common to the Class members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   (a) Whether the Class members were employees of Defendant who worked at or reported to the Facility; and

   (b) Whether the Defendant ordered the loss of employment of each of the Class members without cause on their part and without giving them the specific 60 days' advance written notice as required by the WARN Act.

38. The claims of the named Plaintiff in this case are typical of those of the other Class members which she seeks to represent, in that, among other things, Plaintiff and each other Class member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by the Defendant as complained of herein.

39. The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class members which the named Plaintiff seeks to represent.

40. The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the putative Class which she seeks to represent. Plaintiff does not have any interests which are antagonistic to the interests of the putative Class herein.

41. Counsel for Plaintiff are experienced, qualified and generally able to conduct complex class action legislation.

42. The relief sought in this action is necessary to restore to members of the putative Class the money and property which the Defendant has illegally acquired through the unlawful treatment of each Class member as described herein.

43. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the putative Class members are available from Defendant's records.

## **COUNT I – WARN ACT VIOLATIONS CLASS ACTION CLAIM**

44. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,00 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facility.

45. At all relevant times, the Defendant was an "employer" of the Class members as that term is defined by the WARN Act.

46. On February 13, 2018 to February 14, 2018, Defendant ordered a mass layoff as that term is defined by the WARN Act.

47. Plaintiff and the Class members all received the materially same notice notifying them of their immediate loss of employment.

48. The Defendant's actions at the Facility resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

49. The Defendant's termination of the Plaintiff's and the Class members' employment constituted employment loss as defined by the WARN Act.

50. The Plaintiff and each of the Class members who were employed by the Defendant and suffered employment loss by the Defendant as a result of Defendant's actions at the Facility were "affected employees" as defined by the WARN Act.

51. The Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined by the WARN Act.

52. Pursuant to the WARN Act, Defendant was required to provide a specific 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) day prior notice was not given.

53. Defendant failed to give the required specific notice and failed to give it at least sixty (60) days prior notice of the termination in violation of the WARN Act.

54. Defendant failed to pay the Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective termination, and failed to make the pension and

401(k) contributions, provided other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

55. As a result of the Defendant's failure to pay wages, benefits and other monies as asserted, Plaintiff and the Class members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE**, the Plaintiff and Class demand judgment against Defendant as follows:

a) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the distribution of the WARN Act notice, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determinate in accordance with the WARN Act, 29 U.S.C§ 2104(a)(1)(A);

b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiff and the other similarly situated former employees constitute a single class;

c) Interest as allowed by law on the amounts owed under the proceeding paragraphs;

d) The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act;

e) Civil penalties in the maximum amount per employee, as provided by the WARN Act; and

f) Such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

March 16, 2018

Respectfully submitted by:

*/s/ Jeffrey Sobek*
One of Plaintiff's Attorneys

Illinois Attorney Registration No. 6285186
JS Law
29 E. Madison Street, Suite 1000
Chicago, Illinois 60602
Telephone (312) 756-1330
jeffs@jsslawoffices.com