IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH SCHUBBE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 18-cv-50097 |
| vs. ) | |
| ) | Judge Frederick J. Kapala |
| IMPERIAL MARBLE CORP., ) | |
| ) | Magistrate Judge Iain D. Johnston |
| Defendant. ) | |

**RESPONSE OF JENNIFER OLSON, PLAINTIFF IN CASE NO. 18-cv-1914, TO DEFENDANT'S MOTION TO REASSIGN RELATED CASES**

Plaintiff Jennifer Olson, who brought suit on behalf of herself and a class in *Olson v. Imperial Marble*, No. 18-cv-1914 (N.D. Ill, E. Div.), responds as follows to Imperial Marble's Motion to Reassign Related Cases (the "Motion").

1. Olson admits that the two cases at issue (*Olson* and *Schubbe*) meet the standard of Local Rule 40.4, <u>if</u> the two cases are about the same facility. On its face, though, the *Schubbe* complaint is about an alleged mass layoff at a facility in Hinckley, Illinois (*Schubbe* complaint, ¶¶ 7, 8) and seeks to represent a class of employees who worked in Hinckley (*id.*, p. 28). Olson's complaint is about the mass layoff at the facility in Somonauk, Illinois (*Olson* complaint ¶¶ 3, 4), which is where Imperial Marble admits its facility is. (Motion, p. 1 ("Imperial Marble is an employer in Somonauk, Illinois")). Perhaps this allegation of a mass layoff in Hinckley – and therefore the filing of *Schubbe* in the Western Division – was just a mistake in the *Schubbe* complaint. It would not be the only one. (*Compare Schubbe* complaint caption and first line ("Plaintiff, Elizabeth Schubbe") *with id.*, ¶ 6 ("Plaintiff PATRICIA FAIR")).

2. Rule 40.4 is not crystal-clear about how it is to apply in situations like this one, where two cases are filed in different divisions of the Court. The rule often, though not always, speaks

in terms of *case numbers*, indicating that reassignment is to the Judge presiding over the *lowest-numbered* related case. As Imperial Marble notes in its Motion, Eastern Division cases – like *Olson* – have lower case numbers than Western Division cases. The Court presumably has a practice and understanding about how that affects the direction of reassignment between divisions under Rule 40.4. If it truly is about the case number, then reassignment would be to the Eastern Division.

        3. Olson respectfully submits that, to the extent that the Judges of this Court have discretion about the direction of reassignment of cases between divisions in a situation like this, this situation calls for reassignment of *Schubbe* to the Eastern Division rather than *Olson* to the Western. Relevant factors are:

* The two cases were filed on the same day, within a couple of hours of each other, with *Schubbe* being filed only just that little bit earlier.

* As noted above, the *Schubbe* complaint's filing in the Western Division appears to be based on a plain mistake of fact about where the facility in question was.

* Though both cases are in their early stages, Plaintiff in *Olson* has already promptly filed a motion for class certification and related relief, together with a supporting brief.

* Based on driving directions using GoogleMaps.com, Defendant's Somonauk facility appears to be nearly the same driving distance to the respective courthouses in Western Division (67.2 miles) and Eastern division (64.2 miles).

* However, Plaintiff's counsel in *Schubbe* are based in Chicago. Defendant's counsel is based in Chicago. So is local counsel for Plaintiff *Olson*. Chicago would also be more convenient for Olson's non-Illinois counsel, who have enormous experience in WARN Act litigation like this case. Thus, permitting the case to go forward in the Eastern

Division would minimize expense to the putative class allowing a greater portion of any recovery to flow to the individual class members. Venue in either division is proper for both *Schubbe* and *Olson* giving the Court the discretion to reassign based on the convenience of the parties. *See Hutchinson v. Fitzgerald Equip. Co.*, No. 15-cv-06521, 2016 U.S. Dist. LEXIS 29625, at *8 and n.5 (N.D. Ill. March 8, 2016).

\* Judge Kennelly has already had an initial Rule 16(b) status hearing in *Olson,* ordered the parties to exchange initial Rule 26(a) disclosures no later than May 14, 2018, and has scheduled a further hearing for May 18.

Based on the foregoing, Plaintiff Jennifer Olson respectfully requests reassignment of *Schubbe* to the Eastern Division rather than *Olson* to the Western Division.

Dated: May 9, 2018

Respectfully submitted,

**JENNIFER OLSON, on behalf of herself and all other persons similarly situated,**

By: /s/ Blair R. Zanzig
    (One of her Attorneys)

Stuart J. Miller (*Pro Hac Vice*)
**LANKENAU & MILLER, LLP**
132 Nassau Street, Suite1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

Mary E. Olsen (*Pro Hac Vice*)
M. Vance McCrary (*Pro Hac Vice*)
**THE GARDNER FIRM, PC**
210 S. Washington Ave.
Mobile, AL 36602
P: (251) 433-8100
F: (251) 433-8181

-and-

3

Blair R. Zanzig (No. 6273293)
John F. Hiltz (No. 6289744)
**HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604
Tel.: (312) 566-9008
Fax: 312.566-9015

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       I, Blair R. Zanzig, an attorney, hereby certify that, on the 9th day of May 2018, I caused a true and correct copy of the foregoing **Response of Jennifer Olson, Plaintiff in Case No. 18-cv-1914, to Defendant's Motion to Reassign Related Cases** to be served through the Court's Electronic Case Filing System and on the following by the indicated means:

<u>VIA CM/ECF:</u>

Jonathan M. Boulahanis; jboulahanis@gordonrees.com
Patrick F. Moran; pmoran@gordonrees.com
*Counsel for Defendant Imperial Marble Corporation*

Jeffrey S. Sobek; jeffs@jsslawoffices.com
*Counsel for Plaintiff Elizabeth Schubbe*

                                                                          /s/ Blair R. Zanzig